**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0809n.06
Filed: October 4, 2005

**No. 03-5902**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JAMES PHILLIP HUNTER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| VIRGINIA LEWIS, Warden, | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and CLAY, Circuit Judges, and SCHWARZER,[*] District Judge.

**PER CURIAM.** The petitioner, James Phillip Hunter, is an inmate in the Tennessee state prison system, where he is serving a life sentence on a first-degree murder conviction. That conviction was affirmed on direct appeal, and Hunter was denied post-conviction relief in the state courts. He then filed a habeas action in the district court, under 28 U.S.C. § 2254, claiming that he had received ineffective assistance of counsel at trial and that he was deprived of a fair trial when the judge refused to give an instruction on the lesser included offense of negligent homicide. The district court denied relief, concluding that Hunter had failed to demonstrate constitutional error in connection with the state court

---

[*]The Hon. William W Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

decisions in his case. We agree with this conclusion. We also conclude that at least two of the petitioner's claims have been procedurally defaulted.

The deficiencies Hunter identified in his petition included his trial attorney's failure to: investigate the crime scene and the victim's criminal record; interview witnesses proposed by Hunter; question Hunter about his knowledge of specific acts of violence committed by the victim and, on appeal, contest the trial court's ruling that other defense witnesses could not testify to the victim's propensity for violence; and object to the state's introduction of expert testimony. The petitioner also complains of his attorney's deficient questioning on direct examination concerning his prior convictions. These allegations were raised and fully considered in the state courts. Those courts, like the district court, determined that the petitioner had failed in each instance to show that he had suffered prejudice of the kind that would require a finding of ineffective assistance of counsel, under the standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The identity of proposed witnesses, for example, nowhere appears in the record, nor do we know what evidence could have been learned from them or from a more thorough investigation of the crime scene. The victim's prior convictions and his reputation for violence were conveyed to the jury through the testimony of various witnesses. The so-called "expert witness," a police officer who was not qualified as an expert, described tests that he had run on the weapon used to shoot the victim and their results, but he did not express an opinion about any phase of those tests. Although the attorney may have fumbled when asking the petitioner whether he had ever been in any "trouble" other than

the one conviction about which he had just testified, it was, as the state court pointed out, Hunter's false denial that "opened the door" to damaging cross-examination by the prosecution, not simply counsel's ineptitude.

In his federal petition, Hunter also raised – for the first time – a claim that his attorney had forced him to make strategic decisions during trial, thereby abdicating his role as counsel.  The state argues in response that this claim was added to the petition more than two years after it was filed and was therefore brought outside the statute of limitations. The "relation back" of an additional claim of ineffective assistance of counsel under these circumstances requires an interpretation of Federal Rule of Civil Procedure 15(c)(2) that we have yet to address in a published opinion.  We need not address it here, however, both because the claim has been procedurally defaulted and because it is not borne out by the record.

Finally, Hunter claims that he had a constitutional right to a jury instruction on the charge of criminally negligent homicide, a lesser-included offense of first-degree murder under the Tennessee homicide statutes.  The court refused his request for the instruction and charged the jury only with the options of first- and second-degree murder and voluntary manslaughter.  Hunter argues that a defendant is constitutionally entitled to an instruction on any lesser-included charge that is rationally supported by the evidence as part of his right to a fair jury trial under the Due Process Clause of the Fourteenth Amendment. Though Hunter raised this federal argument in state court, that court decided the issue

solely under TENN. CODE ANN. § 40-18-110(a), noting that although a defendant is entitled under the statute to an instruction on all lesser-included offenses, Tennessee case law interprets the provision to require instruction on a lesser-included charge only when there is evidence to support a theory of guilt on that charge. The court determined, moreover, that the evidence presented at trial could not have established guilt on any charge less than voluntary manslaughter. Given the utter implausibility of the petitioner's defense, i.e., that the gun discharged accidentally and on its own, we agree with this conclusion. Certainly, it is obvious that the state court's disposition was not contrary to clearly established federal constitutional law, because the failure of the trial court to give an instruction on criminally negligent homicide did not seriously impugn the fairness of Hunter's trial, as measured by the standard set out in *Beck v. Alabama*, 447 U.S. 625, 638 (1980).

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the petition. Because the reasons why relief should be denied have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion dated July 1, 2003.